E-FILED
Wednesday, 18 March, 2026  09:39:17 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHARLES FLYNN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 25-3400** |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., *et al.*, | ) | |
| Defendants. | ) | |

**<u>MERIT REVIEW ORDER</u>**

Plaintiff, proceeding *pro se* and currently incarcerated at Lawrence Correctional Center, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 7). The Court must "screen" Plaintiff's Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff files suit against Defendants Wexford Health Sources, Inc., Centurion Health, Inc., Coordinators Britten and Brittany Jackson, Counselors Yates and Beck, John/Jane Does (unknown medical records personnel), Correctional Officer Olmer, Licensed Medical Professional Noorani, Nurse Anne Kozik, Healthcare Unit Administrator Stephanie Howard, John/Jane Doe (unknown Assistant Warden of Programs), Assistant Warden M. Burton, ADA Coordinator Lorie Cunningham, Grievance Counselor K. Ulrich, Warden Jeremiah Brown, and Optometrist Gentry.

1

Plaintiff's Amended Complaint consists of thirty pages of handwritten, single-spaced allegations against over seventeen Defendants. (Doc. 7 at pp. 4-33). Plaintiff's Amended Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2), which provides that a pleading must contain a short and plain statement showing that the pleader is entitled to the relief sought. Plaintiff's Amended Complaint is neither short nor plain and fails to provide effective notice of the claims potentially asserted against seventeen Defendants. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). It also places an unreasonable burden on the Court to parse such a lengthy pleading to determine which claims, if any, have merit. *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) ("District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention.").

Therefore, Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE for failure to comply with Federal Rule of Civil Procedure 8(a)(2). The Court will allow Plaintiff a final opportunity to file a Second Amended Complaint within thirty days of this Order. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

Plaintiff is advised that unrelated claims against the same Defendant may be joined in one action, but different Defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each

confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits….").

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rule of Civil Procedure 8. The Court will allow Plaintiff a final opportunity to file a Second Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **The Clerk is DIRECTED to send Plaintiff a blank Section 1983 complaint form.**

3) **Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address. Plaintiff's failure to notify the Court of a change in mailing address will result in dismissal of this lawsuit, with prejudice.**

ENTERED: 3/18/2026

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

3