E-FILED
Friday, 01 May, 2026  04:11:34 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHARLES FLYNN, | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-3400** |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., *et al.*, | ) | |
|     **Defendants.** | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Graham Correctional Center ("Graham") and Lawrence. (Doc. 12). The Court must "screen" Plaintiff's Second Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## ALLEGATIONS

Plaintiff files suit against Defendants Wexford Health Sources, Inc. ("Wexford"), Centurion Health, Inc. ("Centurion"), John/Jane Does (unknown medical records personnel), Correctional Officer Ulmer (or Olmer), Dr. Nourani (or Noorani), Grievance Office Coordinator Brittany Jackson, Registered Nurse Anne Kozik, Health Care Unit ("HCU") Administrator

1

Stephanie Howard, Assistant Warden of Programs John/Jane Doe, Assistant Warden of Programs M. Burton, Americans with Disabilities Act ("ADA") Coordinators Lorie Cunningham and R. Steber, Grievance Counselor Kimberly Ulrich, Warden Jeremiah Brown, Optometrist Lars Gentry, Administrative Review Board ("ARB") members Ryan Nothangle and Rebecca Riggs, Illinois Department of Corrections ("IDOC") Director Latoya Hughes, Unknown Wexford Employee, and ARB Chairperson KAAP (KAAP is chair code receipt identifier). Plaintiff no longer names Britten, Yates, and Beck as Defendants.

Plaintiff alleges he began experiencing sensory issues concerning light and sound prior to his incarceration. On May 21, 2022, Plaintiff saw Nurse Trusewych at Western Illinois Correctional Center to remove a cotton ball stuck in his left ear canal. Plaintiff alleges he put cotton balls and toilet paper in his ears to drown out noise, which caused stress and anxiety.

When Plaintiff was incarcerated at Graham, he obtained ear plugs from an employee who worked in the plumbing department. On February 23, 2025, Defendant Correctional Officer Olmer stopped Plaintiff as he was exiting the Dietary at Graham, instructed Plaintiff to remove his ear plugs, and threatened to issue a disciplinary ticket if Plaintiff did not comply. Plaintiff filed a grievance against Defendant Olmer. Plaintiff alleges Defendants ARB member Nothangle and IDOC Director Hughes failed to review the grievance in a timely manner.

On April 24, 2025, Plaintiff was seen by Defendant Dr. Noorani in the HCU. Plaintiff requested a permit for earplugs to help with his sensory issues. Defendant Dr. Noorani allegedly issued a diagnosis and determined ear plugs were necessary. Plaintiff does not specify what condition Dr. Noorani diagnosed him with that necessitated a permit for earplugs.

On April 25, 2025, Plaintiff saw Defendant Nurse Kozik during sick call. Plaintiff requested ear plugs and was informed earplugs were not allowed. Plaintiff states Defendant HCU

2

Administrator Howard must have "negligently denied and refused [Dr. Noorani's] order." (Doc. 12 at p. 15).

On an unknown date, Plaintiff filed a grievance. Plaintiff alleges Defendants Ulrich, Chairperson KAAP, and Riggs failed to review his grievance in a timely manner and denied the grievance.

On April 25, 2025, Plaintiff alleges he sent a request to Defendant Assistant Warden of Programs (the ADA Coordinator at Graham) for an accommodation for sensory issues, but the Assistant Warden allegedly ignored his request. Plaintiff states Defendants Dr. Noorani and Kozik should have consulted with the ADA Coordinator to develop a program to provide safe, reliable policies or practices to comply with the ADA.

On May 21, 2025, Plaintiff was transferred to Lawrence. Plaintiff sent an inmate request to Defendant Assistant Warden of Programs Burton to request an ADA accommodation, but Defendant Burton allegedly ignored the request. Plaintiff later discovered that Defendant Cunningham was the ADA Coordinator at Lawrence. Plaintiff claims Defendant Burton was negligent by not responding to his request and should have forwarded it to the ADA Coordinator to ensure he received an ADA accommodation.

On September 29, 2025, Plaintiff sent a request to Defendant ADA Coordinator Cunningham. Plaintiff also submitted grievances to request an accommodation. Plaintiff alleges Defendant Cunningham should have followed up with a licensed provider about his request for an accommodation.

On June 6, 2025, Plaintiff was seen by Defendant Gentry, an optometrist at Lawrence, for an eye examination. Defendant Gentry determined Plaintiff needed glasses and ordered lenses and frames. Plaintiff informed Defendant Gentry that he experiences stress headaches due to light

sensitivity and sensory issues caused by prolonged periods of exposure to bright light. Plaintiff alleges Defendant Gentry documented the light sensitivity issue but failed to provide a diagnosis or medical treatment, such as prescribing tinted lenses. Plaintiff alleges he is unable to fully participate in outdoor recreation time without tinted lenses.

On September 29, 2025, Plaintiff complained to a nurse about light sensitivity during sick call. Plaintiff submitted a grievance, but Defendant Ulrich allegedly responded that there was nothing in his medical file about the self-reported sensory issue.

**ANALYSIS**

Under the Americans with Disabilities Act ("ADA"), "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff's ADA claim is reviewed under Title II of the ADA, which applies to state prisoners. *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206 (1998). "To establish a violation, a plaintiff must show "he is a qualified individual with a disability, that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was by reason of his disability.'" *Hildreth v. Butler*, 960 F.3d 420, 430 (7th Cir. 2020) (quoting *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015)). A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." § 12102(1)(A).

Plaintiff alleges he experiences sensory issues due to loud noises and bright lights. Plaintiff alleges Defendant Dr. Noorani determined he needed ear plugs on April 24, 2025. Defendant Gentry allegedly documented Plaintiff's light sensitivity during an eye examination on June 6,

4

2025. Plaintiff does not identify what conditions he was diagnosed with. As a result, it does not appear that Plaintiff is a qualified individual with a disability. In addition, Plaintiff does not allege how his alleged disabilities prevent him from participating in services, programs, or activities within the IDOC. Plaintiff alleges he is unable to fully enjoy outdoor recreation time without tinted lenses, but this allegation alone is insufficient to proceed on an ADA claim.

Plaintiff's remaining allegations related to the alleged denial of his medical records and his grievances are insufficient to state a constitutional claim. While Plaintiff is critical of how Defendants Hughes, Ulrich, Nothangle, Chairperson KAAP, and Riggs handled his various grievances, this is not enough to plead personal liability under § 1983. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[T]he Constitution does not obligate prisons to provide a grievance process, nor does the existence of a grievance process itself create a protected interest." *Montanez v. Feinerman*, 439 F. App'x 545, 547-48 (7th Cir. 2011) (citing *Owens*, 635 F.3d at 953-54); *Grieveson v. Anderson*, 538 F.3d 763, 772-73 (7th Cir. 2008). "[T]he mishandling of an inmate grievance alone cannot be a basis for liability under § 1983." *Montanez*, 439 F. App'x at 547 (citing *Owens*, 635 F.3d at 953-54); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *see Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005).

Plaintiff's Second Amended Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. Plaintiff will be given a FINAL opportunity to file a Third Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Third Amended Complaint, or if the Third Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Third Amended Complaint will replace Plaintiff's Second Amended Complaint in its entirety. The

5

Third Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Second Amended Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a FINAL opportunity to file a Third Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Third Amended Complaint, or if the Third Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Third Amended Complaint will replace Plaintiff's Second Amended Complaint in its entirety. The Third Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

ENTERED: 5/1/2026

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge