3:25-cv-03400-MMM    # 19    Filed: 05/11/26    Page 2 of 39
3:25-cv-03400-MMM    # 9    Filed: 03/18/26    Page 1 of 8
E-FILED
Monday, 11 May, 2026 03:41 PM
Clerk, U.S. District Court, ILCD
Wednesday, 18 March, 2026 09:41:47 AM
Clerk, U.S. District Court, ILCD

# United States District Court

## CENTRAL DISTRICT OF ILLINOIS

Charles A. Flynn #S11786 ,

              Plaintiff

              vs.

Wexford Health Source Inc et al
Centurion Health Inc
Unknown Medical Records personnel
Correctional officer ~~otmer~~ ~~Otmer~~ Ulmer
Doctor Nuvrani
Brittany Jackson
Gynne Kuzik
Stephanie Howard et al ,

              Defendant(s)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. **25-cv-3400** _____
*(The case number will be assigned by the clerk)*

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

☑ 42 U.S.C. §1983 (state, county or municipal defendants)

☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

☐ Other federal law: _____

☐ Unknown _____

## I. FEDERAL JURISDICTION

*\*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Charles A. Flynn

Prison Identification Number: S117F6

Current address: 10930 N Lawrence Rd

Sumner, IL 62466

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Wexford Health Source Inc

Current Job Title: Health Care Coverage provider

Current Work Address Foster Plaza Four, 501 Holiday Dr # 300

Pittsburgh, PA 15220

Defendant #2:

Full Name: Centurion Health Inc

Current Job Title: Health Care Coverage provider

Current Work Address 21251 Ridgetop Circle, Suite 150

Sterling, VA 20166

Defendant #3:

Full Name: Unknown Medical Records personnel

Current Job Title: Records maintenance and keeping employee

2

Current Work Address _12078 IL Rt 185, Hillsboro IL 62049 - Graham C.C._

_10930 IU Lawrence Rd, Sumner IL 62466 - Lawrence C.C._

Defendant #4:

Full Name: _Correctional officer ~~other~~ Ulmer_

Current Job Title: _Correctional officer_

Current Work Address _12078 IL Rt 185_

_Hillsboro, IL 62049_

Defendant #5:

Full Name: _Doctor Nuurani_

Current Job Title: _Doctor at Graham C.C., Licensed medical professional_

Current Work Address _12078 IL Rt 185_

_Hillsboro, IL 62049_

*For additional defendants, provide the information in the same format as above on a separate page.*

### III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A.  Have you brought any other lawsuits in state or federal court dealing with the same facts involved

in this case?          Yes ☐          No ☐

If yes, please describe _____

_____

B.  Have you brought any other lawsuits in federal court while incarcerated?

Yes ☐          No ☐

C.  If your answer to B is yes, how many? _____ Describe the lawsuit(s) below.

3

Defendant #6    Brittany Jackson
Grievance office Coordinator
10930 N Lawrence Rd
Sumner, IL 62466

Defendant #7    Anne Kozik
Registered Nurse
12078 IL Rt 185
Hillsboro, IL 62049

Defendant #8    Stephanie Howard
HealthCare Unit Administrator
12078 IL Rt 185
Hillsboro, IL 62049

Defendant #9    Unknown Assistant Warden of programs
programs Administrator
12078 IL Rt 185
Hillsboro, IL 62049

Defendant #10    M. Burton
assistant warden of programs / programs Administrator
10930 N Lawrence Rd
Sumner, IL 62466

Defendant #11    Lane Cunningham
americans with Disabilities Coordinator at Lawrence C.C.
10930 N Lawrence Rd
Sumner, IL 62466

Defendant # 12   Kimberly Ulrich
Grievance Counselor at Lawrence C.C.
10930 N Lawrence Rd
Sumner, IL 62466

Defendant # 13   Jeremiah Brown
Warden at Lawrence C.C.
10930 N Lawrence Rd
Sumner, IL 62466

Defendant # 14   Lars Gentry
optometrist at Lawrence C.C.
10930 N Lawrence Rd
Sumner, IL 62466

Defendant # 15   Ryan Nothnagle
Administrative Review Board member
1301 Concordia Ct, P.O. Box 19277
Springfield, IL 62794

Defendant # 16   Rebecca Riggs
Administrative Review Board member
1301 Concordia Ct, P.O. Box 19277
Springfield, IL 62794

Defendant # 17   Latoya Hughes
Director of Corrections
1301 Concordia Ct, P.O. Box 19277
Springfield, IL 62794

Defendant # 18  Unknown IDOC/IC employee
         ear plug accomodation denier
         12078 IL Rt 185
         Hillsboro, IL 62049


Defendant # 19  R. Steber
         New Current American with Disabilities Act Coordinator at Lawrence C.C.
         10930 N Lawrence Rd
         Sumner, IL 62466


Defendant # 20  Chairperson KAAP / Full name unknown — KAAP is chair code receipt identifier
         administrative Review Board member who receipted ~~K-12-0625~~ K75-0625- 2013
         1301 Concordia ct, ~~Sp~~ P.O. Box 19277
         Springfield, IL 62794

1. Name of Case, Court and Docket Number

   _____

2. Basic claim made  _____

3. Disposition (That is, how did the case end?  Was the case dismissed?  Was it appealed?  Is it still

pending?)  _____


*For additional cases, provide the above information in the same format on a separate page.*


## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A.  Is there a grievance procedure available at your institution?  Yes  ☑  No  ☐

B.  Have you filed a grievance concerning the facts relating to this complaint?

   Yes  ☑  No  ☐

If your answer is no, explain why not  _____

_____

C.  Is the grievance process completed?  Yes  ☑  No  ☐


## V. STATEMENT OF CLAIM

Place(s) of the occurrence _____

4

CITE FACT; Edano Dictionary; Hypertension; Definition:
a common disorder in which blood pressure remains abnormally high.
[a reading of 140/90 mm Hg, or greater. Noun - high blood pressure
plaintiff cites plaintiff's avg blood pressure is 149 on every medical document reported.
~~The~~ : Hypertension is a medical
malpractice condition.

4. Prior to incarceration in the Illinois Department of Corrections plaintiff
began experiencing sensory issues concerning light and sound sensitivity.
In fact, On or about 5/21/22 at Western Illinois Correctional Center,
Plaintiff was seen by nurse Trosewych. Z   plaintiff went on a Inmate
Call pass issued, Per offender 360 Tracking system, the system used to track
Inmate movement in facility.  Plaintiff was seen because of the sensory issue,
plaintiff was sticking toilet paper and cotton balls in plaintiff's ear to drown
out the noise that would cause stress and anxiety. The procedure on
or about 5/21/22 was to remove cotton ball left in the ear canal.
The nurse flushed the ear canal and sucked out the lodged object. Plaintiff
informed nurse of the sensory issues but was never seen by a provider. Some
Inmate commissaries sell ear plugs to Inmate. Some facilities don't. plaintiff
has attempted on multiple occasions to purchase ear plugs, it wasn't
until plaintiff was incarcerated at Graham C.C. when plaintiff's brother
worked in the plumbing Department and had access to ear plugs. Luckily,
plaintiff obtained ear plugs.  plaintiff was provided Earwax Removal
Drops, earwax removal aid, Carbamide peroxide 65%, with plaintiff's
name and number on the box and Inmate number S11786. the sticker
label on box by provider: Western Illinois, Staff. Earwax drops (15mL)
6.5% OTC. Trosewych. Z  TUS  Start: 05/21/22  Stop: 05/20/23.

5. 730 ILCS 5/3-2-2. powers and Duties of Department. (1) Department
shall have following powers: (a) To accept persons committed by Courts
for Care, custody, treatment and rehabilitation.  730 ILCS 5/3-7-2. Facilities.
(d) all institutions and facilities of Department shall provide every person
with medical Care. On or about 10/1/25 at Lawrence Correctional Center
plaintiff seeks Doc 0241 Authorization For Release of medical Health Information,

requesting to obtain medical records from On or about 2022 at Western C.C., the ear wax removal procedure. As of todays date, plaintiff has not received the medical records from Western C.C. plaintiff does possesses a copy of the Doc 0241 medical Release consent form request. There was an initial request on May 31, 2025 and medical records failed to comply. An additional request was then made on October 1, 2025. Plaintiff was provided 7 medical records per the response, no where near the medical records requested. Both requests were made to medical Records at Lawrence C.C. per 215 ILCS 97/25. Prohibiting Discrimination Against Individual Participants, (2), b To prevent such a plan or coverage from establishing limitations or restrictions on the amount, level, extent or nature of benefits, or coverage for similarly situated individuals enrolled in the plan or coverage. - Pre July 1, 2025 Wexford Health Surce Inc was the service or coverage provider who enrollee was covered by. Effective July 1, 2025 Illinois Dept. of Corrections switched coverage providers for enrollees, all inmates, to the service provider of Centinon Health Inc. On May 31, 2025 and October 1, 2025 plaintiff attempted to obtain medical records in accordance with the Health Insurance portability Act. 215 ILCS 97/25. (2), b Such a plan or coverage shall be prevented from establishing limitations or restrictions on the amount, level, extent or nature of benefits. plaintiff contends that the medical records request was made with the intent to obtain medical services upon release in 7 months and to establish proof of information at this facility to currently obtain medical care at this facility, with Centinon Coverage and Centinon Health Surce Inc providers. Its unclear who the medical records employer is? Illinois Dept. of Corrections or Wexford / Centinon Health Surce Inc? what is clear is that the unknown medical Records personnel

9 (L)

have deprived plaintiff of 215 ILCS 97/25. (a), (b), and as a result have restricted or limited the amount, level, extent of or nature of benefits under this coverage provider, plaintiff is an enrollee in, and future providers who shall provide services and coverage. How can plaintiff obtain services now or upon release, if plaintiff does not have proof of documentation? plaintiff as a result will be subjected to additional unnecessary medical screening and appointments unfairly. When in fact, Medical Records personnel has a legal obligation, 215 ILCS 97/25 to not restrict or limit the amount and nature of coverage. plaintiff listed unknown medical Records personnel as liable Defendents in the complaint for violating plaintiffs 14 Fourteenth Amendment right to life, liberty, property and due process of 215 ILCS 97/25. Its plaintiffs contention that plaintiff shall have access to every record requested.

plaintiff filed grievance K12-0525-1572 at Graham C.C. and then upon transfer the grievance was changed to K75-0825-2904. plaintiff has never received a Formal Final decision from Graham C.C. or Lawrence C.C. administrations. The grievance officers at Lawrence C.C. have omitted to respond to grievance K75-0825-2904. By being negligent in providing a response to grievance K12-0525-1572, then changed to Lawrence grievance K75-0825-2904, unknown Grievance officers at Lawrence C.C. are complicit in violating plaintiffs 215 ILCS 97/25 Due process rights to obtain medical records for coverage and services in accordance with the Health Insurance Portability Act. plaintiff lists unknown Grievance officer who receipted grievance K12-0525-1572 and changed the grievance number to K75-0825-2904 but was negligent in providing relief and the records requested in grievance K12-0525-1572, has thus deprived plaintiff 215 ILCS 97/25 due process. unknown Grievance officer seen a medical records

(3)

Issue and instead of granting the grievance, unknown grievance officer omitted to act and intentionally was complicit in the records denial. Violating plaintiffs 14 Fourteenth Amendment liberty due process rights, 215 CH 25. Health Insurance portability Act. per 730 ILCS 5/3-8-8. Grievances. "The Department shall prescribe rules and regulations for governing grievance procedures." Those rules and regulations are outlined in 20 Ill. Admin. Code 460. Grievance Procedures. plaintiff maintains that unknown grievance officers violated 730 ILCS 5/3-8-8 and 20 Ill. Admin. Code 460 by not adhering to the time toll rules and regulations and being negligent in failing to even provide a minimum due process response to K12-0525-1572 and now K75-0825-2904. The medical records request was wrote on April 26, 2025 at Graham C.C. and grieved in K12-0525-1572. That grievance was wrote on May 1, 2025 stating issues with not obtaining the necessary records needed to obtain coverage as the enrollee. plaintiff has been attempting to obtain certain medical records since filing the Medical Release Consent form on April 26, 2025 and grievance K12-0525-1572, but has yet to receive the majority of those records. plaintiff filed subsequent grievance on May 31, 2025. Grievance K75-0625-2013 where grievance officer Kimberly Ulrich states a previously filed grievance, K12-0525-2013, Ulrich states that grievance is not available for review. Despite the grievance being changed from Graham C.C. grievance # K12-0525-1572 to Lawrence C.C. grievance # K75-0825-2904, further evidence that suggests medical records and the grievance officers are intentionally depriving plaintiff medical records for treatment. plaintiff listed as party, unknown grievance officers for negligence in reviewing and finding on grievance K12-0525-1572.

(4)

6. On February 23, 2025 Correctional officer Ulmer stopped plaintiff coming out of Dietary at Graham C.C. at 4:30 p.m and made plaintiff remove plaintiffs sensory issues ear plugs out of plaintiffs ear. Several days prior officer Ulmer told plaintiff that plaintiff would get a Disciplinary infraction if plaintiff wears ear plugs in any line movement. plaintiff filled out a Doc 0286 Inmate request to Healthcare, to request an accomodation. Remember, plaintiff had a cotton removal procedure in 2022 because of the necessity for sensory concerns. plaintiff wrote grievance K12-0225-0548 detailing the events of officer Ulmer denying plaintiff the ability of a auxillary aid to assist plaintiffs sensory issues. Administrative Review Board member Ryan Nothnagle receipted grievance K12-0225-0548 as being reviewed on June 16, 2025. Administrative Review member Nothnagle has been negligent and failed to review and find a finding on K12-0225-0548. Per 20 Ill. Admin. Code 460.90. Grievance (4), B The Board has (15) working days ~~after receipt~~ to submit a report to the Director. 20 Ill. Admin. Code 460.90, (4), C Director shall make a recommendation and make a final written determination within (10) working days after receipt of Boards report. - Both Administrative Review Board Nothnagle and Director Hughes are complicit in violating plaintiffs 730 ILCS 5/3-8-8. Grievance. Due process rights by being negligent and failing to provide, zero response, even minimum grievance due process and by being negligent in reviewing and finding in accordance with 730 ILCS 5/3-8-8) " Department shall prescribe rules and regulations for grievance procedures." Those procedures are outlined in 20 Ill. Admin. Code 460.90 and both Nothnagle and Director Hughes are complicit in violating 20 Ill. Admin. Code 460.90. Both violated plaintiffs 14 amendment due process right. So, on February 23, 2025

(5)

after being confronted,
by officer Olmos, about the auxillary aid, ear plugs, plaintiff wrote Doc 0286 Inmate
Request to Healthcare. On February 28, 2025 plaintiff was call passed
to Healthcare Unit per offender 360 tracking system. Tracks inmates movement
throughout the facility and the information is a Department database. Used to
verify and track inmate movements. On February 28, 2025 plaintiff was seen
by what appears to be R.N. J. Naugle. The signature is almost illegible.
Per Doc 0084, Progress Notes, R.N Naugle states " working Sensory issues
added to diagnosis. placed on provider line to discuss." On April 24, 2025
at 1 p.m plaintiff was again call passed to Health care. plaintiff was seen
by provider Doctor Noorani, was evaluated for or concerning sensory issues
and requesting an Americans with Disability Act accomodation, and diagnosis.
plaintiff requested a permit for foam ear plugs and all available auxillary aids
for sensory issues. So plaintiff can access all prison services like dayroom, educational,
recreation and Dietary with a permit and diagnosis giving permission to utilize
auxillary aids while accessing regular services. Doctor Noorani agreed and stated
Noorani would put in an order for plaintiff and plaintiff would be call passed
to sign for the diagnosis auxillary Aid, as soon as possible. plaintiff
possesses Doc 0084, progress notes, from the April 24, 2025 diagnoses.
The Doc 0084 was written by R.N. Anne Kozik. plaintiff was call passed
back on April 25, 2025 and Doc 0084 states " 10:15 a.m Individual In Custody
on ADC, nurse sick call, for PPD and NPE. Requesting foam ear plugs
and exception. Ordered on 4/25/25. per documentation, ear plugs not
allowed. Individual made aware. Stated he will contact A.D.A Coordinator
and file a grievance. provider made aware and new order received."
So Doctor Noorani made the diagnosis, order and then allegedly "per Documentation"

(6)

foam ear plugs are not allowed. It doesn't say what documentation was relied upon and who issued the finding using the unknown documentation? Plaintiff requests interrogatory question to Anne Kozik, Attorney, Anne Kozik author of the Doc 0084, what documentation states ear plugs are not allowed and who issued the finding? Furthermore, foam ear plugs are sold in commissary in the Department at certain facilities. But the ultimate Fact is even though the alleged no foam ear plug finding was ordered, the provider was notified and still no follow up with the provider, Doctor Neerani, to order any auxillary aid whatsoever. No aid was ever reordered and no follow up provided. Although plaintiff was diagnosed needing the exception or accomodation. Plaintiff was provided no service beyond the provider diagnosis. As Doc 0084 stated, plaintiff did file a grievance, K12 - 0525 - 1572 and then K75-0825- 2904. That grievance is the grievance that unknown Lawrence C.C. grievance officers changed numbers and refused to review. Plaintiff filed an additional grievance K75- 0625- 2013 and grievance officer Kimberly Ulrich states " No supporting documentation found in medical file to validate self- reported sensory issue. ADA accomodations cannot be provided for self diagnosed conditions. A medical diagnosis must exist."
" Request for foam ear plugs has been addressed previously at Graham C.C. and was denied."    Kimberly Ulrichs finding and decision on grievance K75- 0625 -2013 was erroneous and negligent. plaintiff clearly has a Doc 0084 that states exception (accomodation) was ordered. By a provider (Doctor). This is not a self reported diagnosis. That record is in plaintiff medical file. whether or not a negligent order stating no ear plugs per some unknown documentation and person? Plaintiff has provided packed evidence to support

(7)

that grievance officer Kimberly Ulrich violated plaintiffs 42 U.S.C., Sec 12101. Americans with Disability Act. due process rights. Ulrich denied grievance K75-0625-2013 erroneously and negligently and deprived plaintiff a disability accomodation that a medical services provider previously diagnosed and ordered as a condition and need. Ulrich also violated 20 Ill. Admin. Code 460. Grievance procedures. by failing to review and find in accordance with the time toll rules prescribed in 20 Ill. Admin. Code 460. Kimberly Ulrich violated plaintiffs liberty due process rights. plaintiff appealed Ulrich's time tolled review to the Administrative Review Board. On October 16, 2025 Chairperson K.A.A.P. KAAP, unknown full name, receipted Grievance K75-0625-2013 as receipted which was not responded to until January 5, 2026. Chairperson KAAP and Review member Rebecca Riggs are complicit in violating plaintiffs 20 Ill. Admin. Code. 460. 90 due process rights. 20 Ill. Admin. Code 460. 90 (4)(B) The Board has (15) working days to submit report to the Director. 20 Ill. Admin Code 460. 90, (4)(C) Director shall make a final written decision within (10) working days after receipt of Board's report. Board members KAAP or Riggs failed to comply with the rules in 20 Ill. Admin. Code 460 and Director Latoya Hughes also failed to comply with the time tolls prescribed. There was no review and finding issued to grievance K75-0625-2013 until almost 90 days after the receipt was noted by Chairperson KAAP. A direct violation of the rules and regulations prescribed to the time toll. Administrative Review member Rebecca Riggs then denied grievance K75-0625-2013 citing, " medical treatment is at the discretion of licensed medical providers." Administrative Review member Riggs was negligent in reviewing plaintiffs medical file and acknowledging that on April 24, 2025 Doctor Naveni saved plaintiff a diagnosis that a necessity for foam ear plugs did exist with an exception order.

(8)

as stated on Doc 0084 written by Doctor Noorani on April 24, 2025 and then as stated on Doc 0084 that was written by Nurse Anne Kozak on Doc 0084 on April 25, 2025. Doctor Noorani is a licensed medical provider who provides medical services in accordance with Wexford Health Source Inc coverage to the plaintiff, who is the enrollee in the Wexford coverage. Doctor Noorani issued the order granting the accommodation based upon a diagnosis. Then, an unknown, presumably Wexford Health Source Inc employee, or Healthcare Unit Administrator Stephanie Howard erroneously and arbitrarily negligently denied and refused the licensed medical providers order. Plaintiff being in custody of Illinois Department of Corrections grieved that fact. per 730 ILCS 5/3-7-2. Facilities. (d) all institutions and facilities of the Department shall provide every person with medical care. — So when Administrative Review Board member Rebecca Riggs states medical treatment is at the discretion of licensed medical professionals, Riggs was erroneous in that citing. Department of Corrections does have a 730 ILCS 5/3-7-2 statutory due process obligation requirement to provide medical services. Kimberly Ulrich, Rebecca Riggs, Jeremiah Brown and Director Hughes who all denied grievance K25-0625-2013 violated plaintiffs 14 amendment liberty due process by violating the time toll rules and by being negligent and erroneously in their findings. Furthermore, Riggs was negligent in finding a finding that (1) The Illinois Department of Corrections has a legal obligation in accordance with 730 ILCS 5/3-7-2(d) and

(9)

42 U.S.C., Section 12101. Findings and purpose. Americans with disability accomodation is a legal obligation to accomodate a medically prescribed disability. (2) a licensed medical provider did issue an order granting an exception for a medical accomodation. Rebecca Riggs was negligent in reviewing the medical file and finding lawfully. plaintiff listed unknown Wexford employee for the exception order denial and Healthcare Administrator Stephanie Howard as liable parties for violating plaintiffs 42 U.S.C., Sec 12101 Americans with Disabilities Act accomodation. liberty due process rights. Plaintiff requests to ask Defendents interrogatory, who issued the per documentation under ruling cited on Doc cosy written by Nurse Kozik on April 25, 2025, referring to Doctor nanani's exception order the day before. Review member Rebecca Riggs reviewed grievance K75-0625-2013, denied the A.D.A. accomodation and Director Latuya Hughes concured in the denial. Riggs and Hughes denied plaintiffs 730 ILCS 5/3-7-2 (d) medical care due process rights and 42 U.S.C., Sec 12101 due process rights. per 730 ILCS 175/45-120. Administrative Review Law. "Administrative Review Law and rules adopted under it shall apply to and govern all proceedings for judicial review of final administrative decisions of the Department." - The District court has the authority to judicially review all final grievance decisions of the Department. In accordance with administrative review Law. Administrative Review board member Rebecca Riggs and Director Latuya Hughes findings on grievance K75-0625-2013 was erroneous, arbitrary and capricious. Grievance officer Kimberly Ulrich, Riggs and Hughes and Chief Administrator Jeremiah Brown, all denied the disability accomodation and violated plaintiffs 14 amendment liberty due process.

10

per 42 U.S.C., Section 12101. Findings and purpose. Americans with Disabilities. (a) Finds. The congress finds that: (1) physical or mental disabilities in no way diminish a persons right to fully participate in all aspects of society, yet many people with disabilities have been precluded because of discrimination; others to who have a record of disability are regarded as having a disability and have also been subjected to discrimination; (3) Discrimination against individuals with disabilities persists in critical areas as public accommodations, communication, recreation, institutionalization, health services and access to public services. (4) Individuals who experience discrimination on the bases of disability have often had no legal recourse to redress discrimination. (5) Individuals with disabilities encounter various discrimination, including outright intentional exclusion, discriminatory effects, communication barriers, over protective rules and policies, failure to make modifications to existing facilities facilities and practices, exclusionary qualifications standards and criteria, segregation and relegation to lesser services, programs, activities, benefits, jobs or other opportunities. (7) Nations proper goals regarding individuals with Disabilities are to assure equality of opportunity, full and full participation — plaintiff contends that plaintiff wished to participate in prison services such as Dietary procedures, recreation and education and communication without discrimination due to a disability. plaintiff possesses a medical record ordering order showing a necessity for an accommodation to sensory issues with light and sound. Extreme bright light and loud sound gives the plaintiff stress and anxiety and induces stress headaches. plaintiff was discriminated by officer olmer and rexford employees by not being able to access prison services with a disability, and not have an accommodation recognizing

11

the disability. As result, plaintiff was often restricted in full participation in program, Services, recreation, educational and health Services. Because the Defendants refused to acknowledge plaintiffs disability and refuse plaintiff the accomodation, plaintiffs participation was restricted and plaintiff was unable to enjoy regular services other Inmates were able to enjoy. This is the basis for discrimination against a disability.

Thus, plaintiff was intentionally excluded because of the disability, full participation was not possible. Defendants failed to make appropriate accomodations available for plaintiff to realize full participation. When Doctor Nowrani ordered the accomodation, unknown individual discriminated and unlawfully revoked a lawful order from a licensed medical proffesional.

Plaintiffs equality of opportunity was affected and full participation in practices and programs within the prison was discriminatorily restricted. Plaintiff possesses a Doc 0084 progress notes from initial screening on February 25, 2025 by R.N Naugle. Registered Nurse states " ITC (individual in custody) to NSC (nurse sick cell), wanting sensory issues added to his diagnosis. placed in provider line to discuss." Wexford nurse admits plaintiff reported a sensory issue and needing an accomodation. Doctor Nowrani grants a accomodation that was unlawfully discriminated against. Thus the discrimination effected full participation.

Per 42 U.S.C. Section 12131 (b) purpose. It is the purpose of this Chapter. (1) To provide clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities. (2) provide clear, strong, consistent, enforceable standards addressing discrimination, (3) ensure Federal government plays a central role in enforcing standards established

12 of 17

on behalf of individuals with disabilities, (4) Invoke congressional authority, including power to enforce 14th Amendment to regulate in order to address major areas of discrimination faced by day to day people. Under 42 U.S.C., Sec 12131, (b) the purpose is to establish that enforceable standards addressing discrimination, with Federal government judicial review and Congressional authority to enforce 14 Fourteenth Amendment due process discrimination faced by day to day people. - per 42 U.S.C., Section 12131. Definitions. As used in this subchapter. (1) public entity means - (A) any state or local government, (B) Any Department, agency, or other instrumentality of a state or states or local government; (2) "Qualified Individuals with disabilities" Qualified individual with disability means an individual with disability who, with or without reasonable modifications to rules, policies, practices, communications or provision of auxillary aids and services, meets the essential eligibility or requirements for the receipt of services or participation in programs or activities provided by a public entity. - The public entity is the State of Illinois, and Illinois Dept. of Corrections. Department of corrections operates in the state of Illinois. plaintiff was provided a lawful modification by a licensed medical provider, Doctor Nawani who provided a auxillary aid to aid in services and program full participation. If in fact ear plugs were not allowed then why was there not another modification or available auxillary aid in compliance with 42 U.S.C., Sec 12131 (b) with or without reasonable modifications to rules, policies or practices. So, if the reasonable accomodation of ear plugs was not allowed, then why wasn't a different modification to rules, policies or practices not available to provide any type of aid to comply with 42 U.S.C., Sec 12101 Disability Act requirements?

13

The Defendants failed to meet or make a reasonable accommodation in accordance with 42 U.S.C., Sec 12131,(b) "to modify rules, practices or policies" to ensure plaintiffs 14 Fourteenth amendment right to Life liberty, property and due process, Americans with Disability Act accommodations were not reasonably met. Why was there not a aid rendered in compliance of any Department rule, policy or practice? There was Zero due process provided after a medical diagnosis by a licensed medical provider.

7. On April 25, 2025 plaintiff filed freedom of information request # 250807082, requesting full name of ADA coordinator at Graham C.C. That FOIA request was denied. Plaintiff was informed by Registered nurse Kozik on April 25, 2025 that the assistant warden at Graham C.C. is the ADA Coordinator. On April 26, 2025 plaintiff wrote Doc 0286 Inmate request to ADA coordinator (asst. warden of programs) at Graham C.C. requesting an accommodation for sensory issues with light and sound. The asst Warden, (ADA coordinator) negligently ignored plaintiffs request. plaintiff was incarcerated at Graham C.C. for another month and was never contacted to address plaintiffs 42 U.S.C., Sec 12101, due process rights. As nurse Anne Kozik states in Doc 0084 progress notes, "Provider notified of denied order and plaintiff states plaintiff will contact ADA coordinator and file a grievance." plaintiffs first question is why didnt nurse Kozik or Docter Nwaorin consult with the ADA coordinator to develop a program to provide safe, reliable policies or practices to adhere to the Americans with disabilities accommodations? public accommodations? plaintiff has evidentuary evidence, by nurse Kozik admission, plaintiff was and did contact ADA coordinator. Because assistant warden / ADA coordinator refused to respond to request for accommodation, unknown

14

warden of program (ADA Coordinator) is listed as liable Defendant, violated plaintiffs 14 Fourteenth Amendment right to life, liberty, property and due process of 42 U.S.C., Sec 12101. Negligence that resulted in a refusal to provide a public accommodation by the ADA Coordinator, even after a medical diagnoses was provided by a licensed medical provider.

8. On May 21, 2025 plaintiff was transferred to Lawrence C.C.   On May 31, 2025 plaintiff wrote Doc 0286 Inmate Request to M. Burton (assistant warden of program) at Lawrence C.C. requesting an ADA accommodation. M. Burton never responded to plaintiffs Inmate request. It wasn't until later plaintiff discovered that Healthcare Unit Administrator Lois Cunningham is the ADA Coordinator at Lawrence C.C. The question the plaintiff has is why was the assistant warden of programs, who's job duty is Chief Administrative officer over the programs within the Department, at Lawrence C.C., negligent in failing to respond to the Doc 0286 Inmate request? M. Burtons negligence in failing to forward plaintiffs public accommodation request to the appropriate Coordinator of program of Americans with disabilities accommodations, 42 U.S.C., Sec 12101, plaintiff contends that assistant warden of programs M. Burton is negligent towards plaintiffs diagnoses and ~~over accommodil~~ accommodations needs and services in accordance with 42 U.S.C., Section 12101. Findings and purpose due process. Thus, M. Burton deprived plaintiff of a legal obligation of accommodation and violated plaintiffs 14 Fourteenth Amendment right to life, liberty, property and due process of 42 U.S.C., Sec 12101.   Warden of programs Burton had first hand knowledge that a request for a program was requested and plaintiffs medical file

15 ~~BY~~ ⊟

records indicate a need for accomodation of a medical diagnoses and M. Burton was negligent and failed to ensure, or deprived the Americans with Disability public accomodation. B. Burton failed to do the minimum amount of due diligence to meet the minimum amount of due process that 42 U.S.C., Sec 12101 statutorily requires. There was zero due process provided by Chief administrative officer over the program that is offered within the Department. plaintiff informed M. Burton of grievance K12- 0525-1572, requesting ADA accomodation for sensory issues with light and sound. plaintiff also wrote a Doc 0286 Ɵ. Inmate request titled simply to ADA Coordinator on the same date plaintiff wrote Warden of programs Burton. No response from that request either. On September 29, 2025 plaintiff wrote Doc 0286 Inmate request to ADA Coordinator Lori Cunningham, after discovering Cunningham is ADA Coordinator. Cunningham is the Healthcare administrator at Lawrence C.C. plaintiff has wrote 2 grievances K75- 0825-2604 and K75- 0625-2013 requesting public accomodations for a disability. Lorie Cunningham being the Health Care administrator shall have been contacted, at the very least, to provide a response to either grievance. Kimberly Ulrich stated on grievance K75-0625-2013 that there was nothing in plaintiffs medical file. Wich we Know is false because plaintiff obtained a Doc 0084 progress note, noting an order for exception. So we know a medical record exists and Cunningham being the administrator over the medical Department, shall have at minimum provided a follow up with a licensed provider, upon learning a request for accomodation had been made. plaintiff wrote a total of 3 requests at this facility and obtained a response to grievance but the administrator, Lori Cunningham (ADA Coordinator) omitted to respond to request. Cunninghams omission is negligence towards

16

due process
plaintiff's 42 U.S.C., Section 12101 ~~due process~~ right. Lori Cunningham
has failed to meet the ~~minim~~ minimum amount of due process required in
42 U.S.C., Section 12101. Findings and purpose. Lori Cunningham violated
plaintiff's 14 Fourteenth Amendment right to life, liberty, property and
due process of 42 U.S.C., See 12101. Findings and purpose.

9. On June 6, 2025 plaintiff was provided a optometrist appointment
at Lawrence C.C. at 8:30 a.m by licensed optometrist Lars Gentry O.D
Optometrist Gentry provided an eye examination testing only the plaintiff's
refraction of the human eye. It was determined, that the ~~ophthelm ophthalmic~~ opthalmic ophthelmic
device of eye glasses shall be ordered. What was ordered was simply frames
and lens. "opthalmic Device" plaintiff possesses offender optometric
Examination form ~~for~~ from optometrist Lars Gentry. The chief Complaint: light
sensitation. Assessment/plan: is not legible but states light sensitive.
On June 6, 2025 plaintiff upon examination and testing specifically stated
to optometrist Lars Gentry that plaintiff experienced stress headaches due
to light sensitivity sensory issues that was caused by prolonged periods
of exposure to what plaintiff considers bright lights. The lights in the
Dept of Correction emitt a bright light or ray for safety and security
purposes. So security can view the surroundings. Lars Gentry clearly documented
the light sensitation issue but failed to comply with the minimum ~~amont~~ amount
of due process for sensitation treatment. In fact, plaintiff told Lars Gentry
about seeking an ADA accomodation. Lars Gentry never responded.
Gentry administered the test, documented the results and documented

17 ~~26~~ ~~(24)~~

ordering the opthalmic device, eyeglass frame and lens. optometrist Gentry failed to provide any treatment for sensitation and failed to provide a diagnosis for a medical condition that plaintiff suffers from. No further testing, examination or medical procedure administered addressing specifically light sensitation issues. plaintiff contends that Lars Gentry was negligent towards plaintiffs request for accomodations regarding sensory issues in light sensitivity. plaintiff contends that optometrist Gentry shall have conducted further examination and testing to diagnose and treat a medical condition. Lars Gentry shall have provided a tint for the opthalmic device (eye glasses) to treat light sensitivity. plaintiff has a documented history in plaintiffs medical file stating stress headaches from sensory issues with light and sound. plaintiff recieved the eye glasses, with no tint to protect and accomodate for a sensory issue reported to Gentry, on June 6, 2025. or about October of 2025 On September 29, 2025 plaintiff was seen by an unknown nurse and specifically stated the sensory issue leading to headaches and eye problems. The nurse sick call was on September 29, 2025 in House 6 Control office. On grievance K25-0625-2013, grievance officer Kimberly Ulrich states "nothing in plaintiffs medical file stating or documentation of a self-reported sensory issue." Because Lars Gentry was negligent in failing to meet the minimum standard for optometrist treatment and was negligent in preparing the document of offender optometric examination on June 6, 2025 plaintiff did not receive an accomodation. Gentry reports a light Sensitation but provides no medical diagnosis on the examination form. Optometrist Lars Gentry's negligence in diagnosis, and reporting diagnosis, is complicity in violating plaintiffs 42 U.S.C. Sec 12101.

18

Findings and purpose. due process rights.  Leos Gentry deprived plaintiff
of a American with Disability public accomodation, 42 U.S.C., Sec 12101.
essential service requirement by failing to appropriately treat, report and
diagnose, and then at minimum, provide a tint for the eye glasses to
alleviate stress headaches and provide the necessary accomodation. This accomodation
deprivation violated plaintiffs 14 Fourteenth Amendment right to life, liberty,
property and due process of 42 U.S.C., Section 12101. Findings and purpose.
Americans with Disabilities public accomodations.  per 42 U.S.C., Sec 12101
(1) physiceal disabilities in no way diminish a persons right to full participation
in all aspects. (3) Discrimination against disabilities persist in areas
such as public accomo dations, recreation, institutionalization and health
services, and access to public services. (5) individuals with disabilities
encounter various discrimination including outright exclusion, segregation
and relegation to lesser services, programs, activities, benefits or
job opportunities. (7) To ensure equality of opportunity and full
participation. -- plaintiff contends plaintiff wishes to participate, fully,
in prison services such as recreation, education, programs and health services
such as Dietary procedures to eat. Due to extreme stress and anxiety, that
cause severe headaches over light sensory sensitivity issues, plaintiff being
deprived of a public accomodation, Tint for plaintiffs eye glasses, plaintiff
was deprived of prison services that other inmates enjoyed but plaintiffs
full participation was restricted because of accomodation deprivation,
per 42 U.S.C., See 12131(b) purpose. (1) To provide national mandate
for elimination of discrimination against individuals with disabilities.
(2) provide enforceable standards addressing discrimination. (3) ensure

Federal Government plays a role in enforcing standards. 14) involve Congressional authority, including power to enforce 14 Fourteenth Amendment violations faced by day to day people. plaintiff contends that plaintiffs 14 amendment rights to Americans with Disabilities Act, public accomodations has been violated.

It should also be noted that the plaintiff needed the eye glass tint for recreation services outdoors. prolonged periods of bright sun exposure caused stress headaches because of light sensitivity in my eyes. That would lead to stress and because of the extreme stress, plaintiff could not fully participate in outdoor recreation like all the other similarly situated inmates who fully enjoyed outdoor recreational activities. Optometrist Lars Gentry was negligent in providing eye glass tint order to alleviate the disability. Gentrys deprivation or negligence of tint, violated plaintiffs 14 amendment right to 42 U.S.C., Sec 12101 due process.

10. plaintiff now moves to amend the complaint, Second amended complaint as follows: plaintiff possesses Doc 0084 offender outpatient progress Note from the April 24, 2025 Doctor Nurani' Sensory issue provider call line appointment at 1:00 p.m. Doc 0084 authored by licensed medical provider M.D. Nurani States " Sudden loud noises bothers him or startles him, gets panicy and anxious, has been wearing ear plugs in other facilities without any issues but here

he needs permit as to some officer requesting one. No other issues today mad, anxious patient wearing foam ear plugs today. Patient having sensory issues with loud noises and crowds. Patient can wear foam ear plugs." Signed by Doctor Nawrani. Then at the bottom of the Doc 0084 a unlegible signature writes, " not allowed Dr. aware noted 4/24/25." The unknown medical provider / unlegible signature never provided a lawful explanation stating why foam ear plugs are not allowed. Illinois Dept of Corrections commissary facilities sell foam ear plugs to Inmates on Inmate Commissary. Illinois Dept of Corrections allows foam ear plug usage. Despite this fact Correctional Officer Ulmer continually harassed plaintiff concerning this matter and was depriving plaintiff the ability to utilize recreational and Dietary Services with the auxiliary Aid accommodation. Plaintiff requested a Americans with Disability accommodation of any kind to be diagnosed and provided to the plaintiff by Wexford Health Source Inc and Doctor Nawrani. Plaintiff received the foam ear plug permit exception on April 24, 2025 and for a some unknown unlawful reason, that permit exception was erroneously deprived and denied. As stated on April 24, 2025 on the Doc 0084 that Nurse Kozik wrote and the just listed Doc 0084 by Nawrani and unlegible unknown CN / medical provider plaintiff then contacted Assistant warden of program / A.D.A. Coordinator at Graham C.C. and received no response. Plaintiff then wrote the Grievance K12-0525-1572 and K75-0625-2013 and A.D.A. Coordinator Lorie Cunningham and warden of program M. Burton at

21

Lawrence C.C.  Both grievances were denied by all listed parties who plaintiff contended within this complaint who violated plaintiffs 42 U.S.C., Sec 12101 Disability accomodation. Due process liberty rights. Plus, A.D.A. Coordinator Lorie Cunningham and Warden of Programs M. Burton refuse to respond to plaintiffs request for another medical screening to provide any sensory issue accomodation to comply with Americans with Disability Cect requirements, 42 U.S.C., Sec 12101.  Both Lorie Cunningham and M. Burton are negligent by depriving plaintiff of a medical assessment at the new facility, Lawrence C.C., to provide a medical diagnosis at this facility to determine a medical condition and necessity.  Both Cunningham and Burton refused to respond or reply to this issue in grievance K25-0625-2013.  To this date, plaintiff has never again be rescreened, assessed, contacted, interviewed or provided any auxillary aid or any other applicable device or mechanism to aid plaintiffs sensory issues. Plaintiff has never even been contacted by any Americans with Disability Coordinator at any Illinois Dept. of Corrections facility, ever. Despite numerous requests and attempts at several facilities. Plaintiff lists R. Steber as a liable party because R. Steber is now the new A.D.A. Coordinator at Lawrence C.C. and R. Steber has failed to ever provide minimum due A.D.A. process since being designated the for Americans with Disability Coordinator at Lawrence C.C.  Plus, Nurse Kozik and Doctor Nurrani was negligent in failing to provide an alternative device or mechanism upon notice of the ear plug denial.

22 📧

11. This amendment is in response to District Courts merit Review order on March 18, 2026 citing, Federal Rule of Civil procedure 8 (a) (2) as grounds for dismissal of the First amended complaint in case No: 25-CV-3400. In Watkins V Maher, 2024 IL App (1st) 2400900-, 1-24-0090, 1-24-0769, 5, 6, (Ill. App. Sep 13, 2024) " Haines v Kerner, 404 U.S. 519, 520 (1972) Held pleadings filed by Pro Se litigants " To less stringent standards as licensed attorneys"... [ citation omitted].... " Nevertheless, the Illinois Code of Judicial Conduct Rule 2.2, Comment [4] states, " It is not a violation of this rule for a judge to make reasonable accommodations consistant with the law and Court Rules, to ensure prose litigants the opportunity to have their matters fairly heard." The District Court did not consider that the plaintiff has a 14 Fourteenth Amendment liberty due process interest in 42 U.S.C., Section 1983 and complaint case No: 25-CV-3400. To be able to fully and completely articulate a valid claim against all Defendants, provide notice of each Charge to each party and the basis of the Constitutional rights violation being alleged. In Watkins v Maher, Supra, " The Court must have a sufficient basis to assess the claims legal merits." Furthermore, its plaintiffs contention that Fed. R. Civ. P. 8 (a)(2) is adhered to and the complaint is in fact a short plain statement that states a claim against each listed Defendant. In Lewis v Casey, 116 S. Ct. 2203, (1996) " on the facts here, a District Court may be required to examine the

23

merits of each plaintiffs underlying claim in order to determine whether he has standing to litigate... [ citation omitted ] Ante, at 2181, in the legal sense that it states a claim for relief that is atleast arguable in law and in fact. I, in contrast, would go no further than to require that a prisoner have some concrete grievance or gripe about the conditions of his confinement, or perhaps some other problem for wich he seeks legal redress, See part III-B, infra (even though a claim based on that grievance might well fail sooner or later in the judicial process.). In Sum, plaintiff cites Haines v Kerner, Supra, as being a pro se litigant and the controlling standard of review or deference. Eventhough, plaintiff contends that Fed. R. Civ. P. 8 (a)(2) has been adhered to and plaintiff only provided facts that supported plaintiffs 42 U.S.C., Sec 1983 complaint. As the plaintiff stated, plaintiff has a liberty due process interest in the 42 U.S.C., Sec 1983 complaint. plaintiff is simply requesting to be allowed to fully articulate a claim that is atleast arguable in law and fact. Per Supreme Court precedent in `Lewis v Casey,` Standing requirement shall be satisfied upon presentation of a concrete grievance or gripe about conditions of confinement. plaintiff is simply requesting to have plaintiffs claim to be "fairly heard."

The plaintiff removed the joinder claim that was non medical malpractice. The medical malpractice claim is a claim that is a cumulative effect or continuation of effect of a series of events that comprise a single claim of medical malpractice. wherefore, all listed defendants are liable for medical malpractice during the Same incarceration, at multiple facilities, occuring on multiple occassions

24

by multiple Defendants. Plaintiff timely amended the parties and "joinder claim" to adhere to District Courts request. Plaintiff condensed the 42 U.S.C., Sec 1983 complaint to adhere to Fed. R. Civ. P. 8(a)(2) with the intent in mind to also satisfy the Fed. R. Civ. P. 12(b)(6) rule that plaintiff did in fact State a claim upon which relief may be sought against all interested liable parties. Lewis V United States Department of Justice, Civil action No. 18-1611 (UNA), (D. D.C. Jul 27, 2018) "The Rule 8 Standard ensures that Defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and a adequate defense and determine whether the doctrine of res judicata applies." – Res judicata "The thing decided" A matter judged. A matter conclusive upon the parties in any subsequent litigation involving the same cause of action. Supported by the doctrine of repose, Statute of limitations, Stale claims and finality. In this instance, the cumulative effect of the parties and the subsequent litigation of multiple actions, that support the same causation, of the same claim, have resulted in lengthier explanations, that the parties are liable, for that causation. Plaintiff contends that the doctrine of Res judicata applies to this pleading, because finality depends upon the liability of the parties who are in question in suit. Plaintiff cant bring suit to finality when the interested parties are continuing to create causations that contribute to the matter in question, which is a Americans with disability Act accommodation violation. In fact, to further drive the Res judicata doctrine to its full breadth, imagine this. prior to March 12, 2026

25

The Grievance office responded to grievance K12-0825-1512 / K25-0825-2904 and provided the denial response. Again denying plaintiff a A.D.A. accumodation. Plaintiff immediately filled out a Doc 0296 authorization for payment form, authorizing the Law library to make a legal copy of the grievance prior to appealing the decision to the Director and A.R.A Administrative Review Board so plaintiff had a copy for plaintiffs records. It is now March 30, 2026 and the library has refused to return grievance K12-0825-1512/K25-0825-2904. Yet, plaintiff received receipt for a .30¢ charge to plaintiffs Inmate Trust Fund on March 25, 2026 for legal copy. Now there depriving plaintiff the ability to fully exhaust on the grievance. Plaintiff contends that Grievance Office Coordinator Brittany Jackson who changed the grievance number as receipted on the Counseling Summary stating number K25-0825-2904, violated the time toll rules and regulations prescribed to Grievance procedures in 20 Ill. Admin. Code. 460. Grievance procedures. Grievance K75-0825-2904 is time tolled, that grievance was filed on May1, 2025 and Grievance office Coordinator Brittany Jackson exceeded the time toll rules prescribed to 20 Ill. Admin. Code. 460. Another example of Res judicata and Brittany Jacksons negligence that violates plaintiffs 14 Fourteenth Amendment liberty due process, 730 ILCS 5/3-8-8. Grievance and 20 Ill. Admin. Code. 460. Grievance Procedure. Due process rights. Keep in mind, grievance K75-0825-2013 was fully exhausted concerning this matter, A.D.A Accumodation requests.

12. plaintiff moves to make a third amendment to 25-cv-03400 as follows: District court cited Fed. R. Civ. P. 12 (b)(6) plaintiff fails to state a claim upon wich relief may be sought. plaintiff objects and maintains that a Americans with disability accomodation claim was cited. In accordance with the A.D.A. federal code and in conjunction with Illinois Compiled Statute, regarding medical malpractice for state prisoners. A medical malpractice claim via 42 U.S.C., 1983. In conjunction with the A.D.A. medical malpractice claim, was multiple Illinois Administrative Code violations. More specifically and namely, was a 20 Ill. Admin. Code 460. Grievance procedure violation. Once a grievance is time toll violated, that time toll violation is a 730 ILCS 513-8-8. Grievance. 14 amendment liberty statutory due process Clause protection violation. In the merit Renewed order the District Court cites "no qualified individual, by reason of such disability, be excluded from participation in all Dept of Correction services, or be subject to discrimination." The plaintiff responds with the contention that the plaintiff was qualified by Dr. noorani when an order substantiated a necessity providing an accomodation. Whether or not "noorani" provided a medical diagnosis on the Doc 0084, is not a disqualifying mechanism to disqualify plaintiff from an A.D.A accomodation. plaintiff applied, was medically evaluated and an order was granted and then illegaly revoked with no due process, legal explanation or just cause. Furthermore, Noorani's negligent failure to articulate what the District Court may or may not determine what constitutes a medical diagnosis, shall not burden or exclude the plaintiff from full recognition of a A.D.A. accomodation Due process Clause protection. In fact, it Further substantiates the Dept of Corrections negligent in recognizing and identifying plaintiffs medical needs and conditions. plaintiff has exercised full potential in several attempts to secure what would amount to a follow up appointment for the Dept of Corrections to clarify or debunk, provide medical proof to dispute or put the entire issue to bed.

27

The Dept. of Corrections, formerly Wexford Health Sources Inc, and now Centurion Health refuses to provide a licensed medical provider for a practitioner cell line examination. The plaintiff has on multiple occasions made every attempt possible to obtain access to an accomodation and all relevant defendents have obstructed and violated plaintiff's A.D.A. Due process clause protection rights. Again, although D.r Gentry (optometrist) provided a medical record and necessity for eyeglasses, Gentry was negligent in accurately articulating a specific diagnoses. Thus, this in no way disqualifies a A.D.A participation Due process violation. In fact, it further corroborates and substantiates Gentry's failure to provide minimal treatment and care that amounts to medical malpractice. Plaintiff shall not be disqualified because Defendents negligence. Defendents negligence constitutes a 14 amendment liberty statutory Due process violation. Plaintiff moves to proceed to the next phase of the judicial proceedings to determine and establish the extent of the negligence resulting in medical malpractice. Plaintiff moves to contend that plaintiff cited multiple 14 amendment protected liberty interest violations and plaintiff cites the controlling standard of review for Pro Se 42, U.S.C., 1983 prisoner civil rights complaints. The controlling standard of review is Hill, 224 Ill. App. 3d 660, 404 U.S. 519. See also 735 ILS 512 -603 (c) (west 2018) "mandating liberal construction of all pleadings." per Disch v merion Hosp. Corp, 2023 IL App (5th) 220 581- V, 5-22-0581 (Ill App. May 22, 2023, Id;... at 15 N. 42 " The Supreme Court stated despite limits on scope of inquiry into administration of prisons, Inmates allegations," however inartfully pleaded, [were] sufficient to call for the opportunity to offer supporting evidence." Plaintiff moves to take notice that a "prima facie case" burden of presumption has been met to establish standing per Disch v marion, Supra and in accordance with the Supreme Court precedent set in Lewis v Casey, 116 S.Ct 2174, 518 U.S. 341. " plaintiff need only establish a concrete gripe about his condition of confinement to establish standing in a 42 U.S.C., 1983 claim. "

Dr Nurani verbally stated that because the plaintiffs medical condition with sensory issues and nervous system receptors created a disability and in fairness to plaintiffs service participation rights, Nurani verbally told plaintiff that Dr. Nurani was diagnosing plaintiff with a medical disability and as result of that medical disability, a licensed D.C. (Nurani) granted a medical exception, that was then revoked by a non licensed, medical professional. That's the exact definition of what amounts to medical malpractice. Optometrist Dr Gentry substantiated a medical diagnosis when Dr. Gentry prescribed eye glasses for plaintiff and Dr Gentry verbally stated, "This is one of the worst pre existing conditions we've seen in awhile." "I don't know how you can see with no eyeglasses? Dr Gentry's medical diagnosis words. D.R. Nurani did write in the Doc 0084 on April 24, 2025 that plaintiff gets anxious and panicky and as a result of these impairments an exception order "diagnosis" was prescribed with an accommodation granted. Thus, Dr Nurani documented a Sensory issue Central nervous system impairment diagnosis on the Doc 0084. When a non licensed medical professional denied the accommodation, that unknown individual who is not licensed to practice medicine, committed medical malpractice by issuing a medical diagnosis order denying an order from what is actually a licensed medical doctor. The non doctor, committed medical malpractice when not being licensed, made a licensed medical decision unlawfully and illegally. Based upon the causation and then treatment provided, per the Doc0084, and verbal acknowledgement of stating a specific sensory nervous system diagnosis, plaintiff contends that a legal diagnosis diagnosis is stipulated, and is corroborated based upon facts of a treatment. That is a legal diagnosis. The plaintiff would like to reiterate that the plaintiff has never contended that Nurani or Gentry did not diagnose the plaintiff. Whether or not a diagnosis was articulated on a document, each document needs to be reviewed to determine diagnosis a causation or medical condition that's been identified and then treated by a Doctor is a legal actual physical diagnosis.

✱ parts of the document are unlegible ✱ 24

Jury Demand   YES ☑   NO ☐

Signed this 8, day of May, ~~2025~~ 2026

(Signature of plaintiff)

Charles A. Flynn  # S11786
10930 N Lawrence Rd
Sumner, IL 62466

## RELIEF REQUESTED

(State what relief you want from the court.)

$1 150,000.00

7

UNITED STATES DISTRICT CURT
Central District Illinois, Springfield Division

Charles A. Flynn
**Plaintiff/Petitioner/Appellant**

VS.                                                                Case # _____

Wexford Health Surce Inc. et, al
**Defendant/Respondent/Appellee**

---

## PROOF AND CERTIFICATE OF SERVICE

To: Wexford Health Surce Inc                    To: Centurion Health Inc.
Fuster plaza four, 501 Holiday Dr # 300         21251 Ridgetop Circle, Suite 150
pittsburgh, pa 15220                            Sterling, Va 20166

To: _____            To: _____

LEASE TAKE NOTICE that on this ___16___ day of February 20 26 I have placed the
documents listed below in the institutional mail at <u>Lawrence Correctional Center</u>, properly addressed to
the parties listed above for mailing through the United States Postal Service: _properly addressed_
_to all defendants in orther paragraph with valid box addresses. provided._

---

A copy is hereby served upon the opposing party.
I, _Charles A. Flynn_____, being first duly sworn upon my oath hereby
state that I have served the above Representatives with the above stated documents by placing the same
in the U.S. Postal/Mail box here at <u>Lawrence Correctional Center</u>, postage prepaid, on this _____
day of ___16, February___ 20 26 .

/s/ _____
                    Charles A Flynn
**Lawrence Correctional Center**
**10930 Lawrence Road**
**Sumner, IL  62466**

Subscribed and Sworn to before me this
___16___ Day of ___February___ 20 26

Notary