E-FILED
Monday, 22 June, 2026  09:52:02 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHARLES FLYNN, | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-3400** |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., *et al.*, | ) | |
|     **Defendants.** | ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and currently incarcerated at Lawrence Correctional Center ("Lawrence"), filed a Third Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Graham Correctional Center ("Graham") and Lawrence. (Doc. 19). The Court must "screen" Plaintiff's Third Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Third Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

Plaintiff files suit against Defendants Wexford Health Sources, Inc. ("Wexford"), Centurion Health, Inc. ("Centurion"), John/Jane Does (unknown medical records personnel), Olmer (correctional officer at Graham), Dr. Noorani (physician at Graham), Anne Kozik (registered nurse at Graham), Stephanie Howard (Healthcare Unit Administrator ("HCUA") at

1

Graham), John/Jane Doe (Assistant Warden of Programs at Graham), Brittany Jackson (Grievance Office Coordinator at Lawrence), Kimberly Ulrich (Grievance Counselor at Lawrence), M. Burton (Assistant Warden of Programs at Lawrence), Lorie Cunningham (Americans With Disabilities Act ("ADA") Coordinator at Lawrence), R. Steber (current ADA Coordinator at Lawrence), Jeremiah Brown (Warden at Lawrence), Lars Gentry (optometrist at Lawrence), Ryan Nothangle (Administrative Review Board ("ARB") member),  Rebecca Riggs (ARB member), ARB Chairperson KAAP (full name unknown – KAAP is chair code receipt identifier), Latoya Hughes (Illinois Department of Corrections ("IDOC") Director), and John/Jane Doe (unknown Wexford employee who denied Plaintiff earplugs).

Plaintiff alleges he began experiencing light and sound sensitivity prior to his incarceration. On May 21, 2022, Plaintiff saw Nurse Trusewych at Western Illinois Correctional Center to remove a cotton ball stuck in his left ear canal. Plaintiff alleges he put cotton balls and toilet paper in his ears to drown out noise, which caused stress and anxiety.

When Plaintiff was incarcerated at Graham, he obtained ear plugs from an employee who worked in the plumbing department. On February 23, 2025, Defendant Correctional Officer Olmer stopped Plaintiff as he was exiting the Dietary at Graham, instructed Plaintiff to remove his ear plugs, and threatened to issue a disciplinary ticket if Plaintiff did not comply. Plaintiff filed a grievance against Defendant Olmer. Plaintiff alleges Defendants ARB member Nothangle and IDOC Director Hughes failed to review the grievance in a timely manner.

On April 24, 2025, Plaintiff was seen by Defendant Dr. Noorani in the Healthcare Unit ("HCU"). Plaintiff requested a permit for earplugs and all available auxiliary aids for sensory issues. Defendant Dr. Noorani indicated Plaintiff would be call passed to sign for an auxiliary aid. Plaintiff does not specify what condition Dr. Noorani diagnosed him with.

2

On April 25, 2025, Plaintiff saw Defendant Nurse Kozik during sick call. Plaintiff requested earplugs and was informed earplugs were not allowed. Plaintiff alleges Defendant Dr. Noorani issued the order granting the accommodation, but an unknown Wexford employee or Defendant HCUA Howard erroneously refused to follow Dr. Noorani's order.

On an unknown date, Plaintiff filed a grievance. Plaintiff alleges Defendants ARB members Ulrich and Riggs and Chairperson KAAP failed to review his grievance in a timely manner and denied the grievance.

On April 26, 2025, Plaintiff alleges he sent a request to Defendant Assistant Warden of Programs (the ADA Coordinator at Graham) for an accommodation for sensory issues with light and sound, but the Assistant Warden allegedly ignored his request. Plaintiff alleges Defendants Dr. Noorani and Kozik should have consulted with the ADA Coordinator to develop a program to provide safe, reliable policies or practices to comply with the ADA.

On May 21, 2025, Plaintiff was transferred to Lawrence. On May 31, 2025, Plaintiff sent an inmate request to Defendant Assistant Warden of Programs Burton to request an ADA accommodation, but Defendant Burton allegedly ignored the request. Plaintiff later discovered that Defendant Cunningham was the ADA Coordinator at Lawrence. Plaintiff claims Defendant Burton was negligent by not responding to his request and should have forwarded it to the ADA Coordinator to ensure he received an ADA accommodation.

On June 6, 2025, Plaintiff was seen by Defendant Gentry, an optometrist at Lawrence, for an eye examination. Defendant Gentry determined Plaintiff needed glasses and ordered lenses and frames. Plaintiff informed Defendant Gentry that he experienced stress headaches due to light sensitivity and sensory issues caused by prolonged periods of exposure to bright light. Plaintiff alleges Defendant Gentry documented the light sensitivity but failed to provide a diagnosis or

medical treatment, such as prescribing tinted lenses. Plaintiff alleges Defendant Gentry was negligent toward his request for an accommodation for light sensitivity and violated his rights under the ADA.

On September 29, 2025, Plaintiff complained to a nurse about light sensitivity during sick call. Plaintiff submitted a grievance, but Defendant ARB member Ulrich allegedly responded that there was nothing in Plaintiff's medical file about the sensory issue.

## ANALYSIS

Under the Americans with Disabilities Act ("ADA"), "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff's ADA claim is reviewed under Title II of the ADA, which applies to state prisoners. *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206 (1998). "To establish a violation, a plaintiff must show "he is a qualified individual with a disability, that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was by reason of his disability.'" *Hildreth v. Butler*, 960 F.3d 420, 430 (7th Cir. 2020) (quoting *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015)). A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual." § 12102(1)(A).

Plaintiff alleges he experiences sensory issues due to loud noises and bright lights. Plaintiff alleges Defendant Correctional Officer Olmer confiscated his earplugs, which Plaintiff obtained from an employee who worked in the plumbing department at Graham. Plaintiff alleges Defendant Dr. Noorani issued a permit for earplugs on April 24, 2025, but Plaintiff never received the

earplugs. Plaintiff claims Nurse Kozik, an unknown Wexford employee, or Defendant HCUA Administrator Howard must have failed to follow Defendant Dr. Noorani's order.

Defendant Gentry, the optometrist at Lawrence, allegedly documented Plaintiff's light sensitivity during an eye examination on June 6, 2025, but did not prescribe tinted lenses. Plaintiff does not identify what medical conditions he was diagnosed with regarding his sensitivity to light and sound. Plaintiff has not adequately alleged that he is a qualified individual with a disability under the ADA. In addition, Plaintiff does not allege how his alleged disabilities prevent him from participating in services, programs, or activities within the IDOC.

Plaintiff's remaining allegations related to the alleged denial of his medical records and his grievances are insufficient to state a constitutional claim. While Plaintiff is critical of how Defendants Hughes, Chairperson KAAP, Ulrich, Nothangle, and Riggs handled his various grievances, this is not enough to plead personal liability under § 1983. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[T]he Constitution does not obligate prisons to provide a grievance process, nor does the existence of a grievance process itself create a protected interest." *Montanez v. Feinerman*, 439 F. App'x 545, 547-48 (7th Cir. 2011) (citing *Owens*, 635 F.3d at 953-54); *Grieveson v. Anderson*, 538 F.3d 763, 772-73 (7th Cir. 2008). "[T]he mishandling of an inmate grievance alone cannot be a basis for liability under § 1983." *Montanez*, 439 F. App'x at 547 (citing *Owens*, 635 F.3d at 953-54); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *see Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005).

Plaintiff's Third Amended Complaint is largely identical to his Second Amended Complaint. Plaintiff did not include any additional allegations in his Third Amended Complaint to establish a claim. Therefore, Plaintiff's Third Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and §

5

1915A. The Court finds that any further amendment would be futile because the facts do not support a constitutional violation. Additionally, Plaintiff has had multiple opportunities to plead a cognizable claim and has failed to do so.

**IT IS THEREFORE ORDERED:**

**1)      Plaintiff's Third Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment would be futile. The Clerk is directed to close this case and enter judgment.**

**2)      This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is directed to record Plaintiff's strike in the three-strike log.**

**3)      Plaintiff must still pay the $350.00 filing fee even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

**4)      If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED: 6/22/2026

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

6